**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES PAUL HARMAN,**

 **Plaintiff,**

v.               Case No.  8:09-cv-1205-T-30EAJ

**DAVID GEE, in his official capacity as the**
**Sheriff of the Hillsborough County Sheriff's**
**Office, et al.,**

 **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for an Award of Incurred Costs and Attorney's Fees (Dkt. 48) and Plaintiff's Response in opposition (Dkt. 49).  Plaintiff brought this action under 42 U.S.C. § 1983 and Florida common law.  On September 13, 2010, the Court entered judgment in favor of Defendants David Gee and Francis Losat and against Plaintiff Charles Paul Harman.  Defendants, as prevailing parties, seek an award of costs incurred under Federal Rule of Civil Procedure 54(d)(1) and attorney's fees under Rule 54(d)(2) and 42 U.S.C. § 1988.

**I.** **Costs Incurred**

Defendants seek total costs in the amount of $24,587.52 under 28 U.S.C. § 1920, which sets forth the categories of trial expenses recoverable under Rule 54(d).  Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees

of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services.

Upon review of Defendants' motion and attached invoice, the Court finds that not all of Defendants expenses are allowed by the statute. Defendants seek over $20,000 in expert witness fees. However, expert witness fees are not compensable under the statute. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). In addition, mediation fees are not provided for in the statute. *Ivory v. Holme*, 2009 U.S. Dist. LEXIS 40590, 7-8 (M.D. Fla. Apr. 30, 2009).

Deposition transcripts are taxable under § 1920 (2) if they were necessarily obtained for use in the case. Defendants seek taxation of costs for the deposition fees of Dosia Braithwaite, Elizabeth Brix, and Harry Hoover, Jr. Defendants have failed to show that these depositions were necessary for the case. Therefore, the deposition transcript fees for these witnesses will not be awarded. The other deposition transcript fees will be allowed.

Finally, Defendants listed the following entries on their list of costs incurred: "8/17/10 David Grossi – copy fee" and "8/17/10 First Choice Reporting & Video, Inc. – deposition fee." It is unclear what these costs are and they will not be awarded. Therefore, the total amount of costs will be reduced from $24, 587.52 to $3,235.82.

**II.     Attorney's Fees**

A prevailing defendant in an action brought under 42 U.S.C. § 1983 may be awarded attorney's fees only when the Court finds that the plaintiff's claims were frivolous, unreasonable, or without merit. *Hughes v. Rowe*, 449 U.S. 5, 14 (U.S. 1980). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.* Defendants here have not shown that Harman's claims were frivolous. Therefore, attorney's fees will not be awarded.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for an Award of Incurred Costs and Attorney's Fees (Dkt. 48) is GRANTED in part and DENIED in part.

2. Defendants David Gee, as the Sheriff of Hillsborough County, and Detective Francis Losat are awarded a cost judgment in the amount of $3,235.82.

3. If such amounts are not paid within twenty (20) days, Defendants may seek entry of a cost judgment on which execution may issue.

**DONE** and **ORDERED** in Tampa, Florida on October 12, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1205.atty fees and costs.wpd